DIXON, Judge.
Plaintiff was injured in a head-on collision on Highway 164 in Webster Parish, about 7.8 miles southwest of Minden, between Sibley and Doyline, on September 14, 1967. After trial, there was .judgment in favor of plaintiff and against defendant McDowell and his liability insurer, Continental Insurance Company, in solido, for $2,059.30, plus interest and costs.
The highway on which the accident happened is a two-lane black-topped highway not divided by a center line. The plaintiff was driving a 1964 Rambler automobile in a westerly direction. He was followed by the witness Rowell.
The defendant was traveling in an easterly direction, and was passing an unidentified slow-moving vehicle when the collision occurred. The witness Mathes was ahead of the defendant McDowell; the witness Crump was behind him.
Plaintiff contends that he was traveling down the road in good daylight, with his headlights burning, in his proper lane, when he was suddenly confronted by two vehicles passing another that had either stopped or was going slowly in the other lane; plaintiff jammed on his brakes and missed the first vehicle but struck the second, which was driven by the defendant McDowell.
Defendant contends that he attempted to pass when it was lawful to do so, having ascertained that the passing lane was clear, only to be confronted by plaintiff’s unlighted vehicle looming out of the dark. Defendant contends that plaintiff’s failure to have his lights on was contributory negligence, preventing his recovery.
Plaintiff testified that his lights were burning. Defendant testified that they were not. Plaintiff’s witness Rowell, although he did not actually see the accident, had followed directly behind him until the plaintiff passed a two-tone green Plymouth at Dorcheat. Rowell testified that this Plymouth automobile did not have its lights on, but that Knotts’ did. Rowell said that he had turned his lights out at a store where he had stopped to buy a “box of milk,” because visibility was unlimited from hill to hill and from curve to curve except for small patches of fog. Rowell had turned his lights on when he left his home at six o’clock because it was dark at that time.
The witness Mathes said he was traveling in the same direction as defendant McDowell, but ahead of him, when he met the car that had no lights on it. He looked in his mirror and saw “four headlights behind me” just before the impact of the collision. He stopped and backed onto the shoulder of the road and walked to the point of the accident. Mathes testified that it was 25 minutes until seven by the clock in his car when the accident happened. He said it was not yet daylight, was foggy, and a driver couldn’t see without his lights because of the fog.
The witness Crump was traveling behind McDowell, and saw the collision, and *905 said that the plaintiff’s automobile did not have any headlights. Crump recalled that the vehicle ahead of McDowell, after passing the slow-moving vehicle, whipped back into its proper lane very quickly. Crump said “it wasn’t quite daylight, between daylight and dark—just breaking daylight I’d say.” Crump noticed no other vehicles without lights. Crump testified that he guessed that the accident occurred about 6:40, or about ten minutes after he had left his employment.
The plaintiff himself testified that the accident happened at 6:40, because his watch was damaged in the accident and stopped at that hour.
The defendant McDowell testified that there were two cars and a pick-up truck ahead of him that passed a vehicle he identified as “this little old car,” moving slowly ahead of him. McDowell said all the automobiles that he saw, except plaintiff’s, had their lights on; that the dim lights worked better because there was fog that morning. McDowell said he did not see the plaintiff coming, because the plaintiff did not have any headlights on. McDowell described the condition of the light as follows:
“Yes, it was still dark. It hadn’t got daylight. It didn’t get daylight until around seven o’clock or after when it was fair and normal weather.”
McDowell said the accident happened at 6:28 daylight-saving time. Tables prepared by the Naval Observatory introduced in evidence show sunrise at Shreveport on September 14th to be 6:58 daylight-saving time.
We find no difficulty in agreeing with the trial court that the defendant was negligent and that his negligence was the proximate cause of the accident. When Mr. McDowell followed the vehicle preceding him in attempting to pass a slow-moving vehicle in the right lane of travel, it is clear that he failed to see plaintiff, as required by R.S. 32:75:
“No vehicle shall be driven to the left side of the center of the highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.”
Defendant’s contention is that he failed to see plaintiff, driving with his lights off in the dark. By a preponderance of the evidence, plaintiff established that he was traveling with his lights on. The testimony of the plaintiff himself and the witness Rowell is clear and unequivocal. The defendant McDowell and the witness Crump, who was following behind McDowell, testified that plaintiff’s vehicle was not illuminated. The witness Mathes did not see the accident; although he testified that he passed an automobile with no lights, he might have seen the same automobile that Rowell did, traveling in the same direction as Rowell and the plaintiff.
The burden of proving contributory negligence is upon the defendant. The trial court was not satisfied that the defendant had sustained this burden; with this conclusion we concur. Both the plaintiff and the defendant agree that the award made by the trial court is adequate.
The judgment of the District Court is affirmed, at the cost of defendants-appellants.